# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FINISHMASTER, INC. and AXALTA COATING SYSTEMS, LLC**,<br><br>*Plaintiffs*<br><br>v.<br><br>**BARBER'S BODY SHOP, INC and CHARLES BARBER**,<br><br>*Defendants* | Case No. 2:19-cv-0516-JDW |

## MEMORANDUM

On December 13, 2019, the Court granted Plaintiffs' request for a default judgment and entered judgment in their favor. Plaintiffs now ask the Court to award them $33,301.72 for attorneys' fees and costs, arising out of this dispute. The Court will grant their motion.

The Parties' Customer Agreement ("Agreement") is subject to Pennsylvania law. (ECF No. 1-1 ¶ 10.) Under Pennsylvania law, a party can recover its attorneys' fees when there is an express statutory authority or a clear agreement to that effect between the parties in dispute. *E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 657 F. Supp. 2d 545, 561 (E.D. Pa. 2009) (citing *Fidelity–Philadelphia Trust Co. v. Philadelphia Transp. Co.*, 173 A.2d 109, 114 (1961)). Pennsylvania, however, requires that the contractual agreement setting attorneys' fees be "reasonable." *Webster Capital Fin., Inc. v. Chetty Builders, Inc.*, No. CIV.A. 10-5207, 2011 WL 2039058, at *10 (E.D. Pa. May 20, 2011) (citing *Hous. Mortg. Corp. v. Tower Dev. & Inv. Corp.*, 402 Pa. 388, 389, 167 A.2d 146 (1961)).

Here, the Parties' Agreement contains specific authority for the award of reasonable attorneys' fees. It states that "[i]n the event [] FinishMaster and/or Axalta . . . are required to

engage the assistance of an attorney to enforce the terms of this Agreement, FinishMaster and/or Axatlta . . . shall be entitled to recover their reasonable attorneys' fees and costs if it prevails." (ECF No. 1-1 ¶ 10.)

In order to determine a "reasonable" fee award, however a court must review records that provide the basis for such fees. Such records include "a detailed work summary along with '(1) the full name of each attorney who worked on each discrete task [];' (2) the qualifications and experience of each of those attorneys; and (3) an explanation of how the hourly rates used in the ... calculations were chosen.'" *E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 657 F. Supp. 2d 545, 562 (E.D. Pa. 2009) (quoting *Moravian Assocs., L.P. v. Henderson Corp.*, 2008 WL 3562468, at *14, 2008 U.S. Dist. LEXIS 62260, at *41 (E.D.Pa. Aug. 12, 2008)). Prior to awarding attorneys' fees, the court should possess "sufficient information to determine the reasonableness of the hourly rate and the number of hours expended in defending the litigation." *Id*.

The Court reviewed the documents submitted by Plaintiffs, including (1) Ms. Kelsey Dilday's affidavit, which specifies the full name, qualifications, and experience of each attorney who billed on the matter, and (2) the attorney billing summaries. Based on these documents, the Court determines that Plaintiffs' request for $33,301.72 in attorneys' fees and costs is reasonable. Therefore, the Court will grant Plaintiff's motion.

                                                **BY THE COURT:**

                                                */s/ Joshua D. Wolson*
                                                JOSHUA D. WOLSON, J.

Dated: March 11, 2020